UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCOS NARCISO MARTINEZ, *et al.*,

                   Plaintiffs,

-against-

FUNSAN K. CORP. (d/b/a BEACON WINES & SPIRITS), *et al.*,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

16cv5828

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Marcos Narciso Martinez ("Martinez"), along with seven others who opted-into this action (together, "Plaintiffs") move to certify their New York Labor Law ("NYLL") claims as a class action. For the reasons that follow, Plaintiffs' motion for class certification is denied.

BACKGROUND

        Martinez is a former stocker, cashier, and deliveryman for Defendants' two Manhattan liquor stores: (1) Beacon Wine & Spirits ("Beacon") and (2) Mitchell's Wine & Liquor Store ("Mitchell's"). (Amended Class & Collective Action Complaint, ECF No. 41 ("Amended Compl."), ¶ 1.) Beacon and Mitchell's are jointly owned and operated. (Amended Compl. ¶¶ 17–18.) Martinez alleges minimum wage and unpaid overtime violations under the Fair Labor Standards Act ("FLSA"), and various wage-related claims under the NYLL. (Amended Compl. ¶ 2.) Seven other former and/or current employees have opted into the FLSA collective action. (See Consent to Become Party Plaintiff Under the FLSA, ECF Nos. 27–31, 71, 89.)

        In June 2017, Plaintiffs filed an Amended Complaint, alleging that their NYLL claims were brought on behalf of a proposed class of "all persons employed by Defendants in

New York at any time since July 21, 2010 and through the entry of judgment in this case . . . who worked as stockers, floor workers, delivery employees, cashiers or other non-management employees . . . ." (Amended Compl. ¶ 26.)

Plaintiffs seek to certify a class for six of their NYLL claims: (1) failure to pay minimum wage, (2) failure to pay overtime premiums, (3) failure to pay "spread-of-hours" premiums, (4) unlawful withholding and retention of gratuities, (5) failure to provide proper wage statements, and (6) failure to provide wage notices.[1] Plaintiffs allege that "there are likely in excess of forty (40) individuals who would be included in the Class" and the Class Members would have "numerous common factual and legal questions" regarding Defendants' pay practices. (Memo. of Law in Support of Plaintiff's Mot. for Class Certification, ECF No. 78 ("Plaintiffs' Memo.") at 13, 16.)

## LEGAL STANDARD

In a FLSA collective action, a federal court may exercise supplemental jurisdiction over related state-law class action claims. Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 248 (2d Cir. 2011). Class actions are governed by Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23. Rule 23(a) imposes four requirements for class certification: (1) the class must be "so numerous that joinder of all members is impracticable"; (2) there must be common "questions of law or fact" to the class; (3) the representative party's claims must be "typical of the claims or defenses of the class"; and (4) the representative party must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Here, Plaintiffs seek a Rule 23(b)(3) class, which requires that "questions of law or fact common to class members predominate over any questions affecting only class members," making a class

---

[1] Plaintiffs do not seek class certification on their unlawful withholding of gratuities claim.

2

action "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of SW v. Falcon, 457 U.S. 147, 161 (1982). "[F]ailure to prove any element [of Rule 23] precludes certification." Ansari v. N.Y. Univ., 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

## DISCUSSION

Plaintiffs' motion for class certification flounders on Rule 23(a)'s first requirement—numerosity. "[N]umerosity is presumed when a putative class has forty or more members." Shahriar, 659 F.3d at 252. While numerosity is not strictly determined on numbers alone, "[c]ourts will generally decline to certify classes comprising fewer than approximately 25 members absent extraordinary circumstances." Sanchez v. N.Y. Kimchi Catering, Corp., 320 F.R.D. 366, 374 (S.D.N.Y. 2017) (quoting Joseph M. McLaughlin, McLaughlin on Class Actions § 4:5 (13th ed. 2016)).

Plaintiffs fail to demonstrate that the proposed class would be sufficiently numerous as to warrant class certification. First, Plaintiffs' submit a list of twenty-six employees provided by Defendants and compiled from Defendants' records from July 21, 2013 through December 2016. (Decl. of Brent E. Pelton, Esq. in Supp. of Plaintiff's Mot. for Class Certification, ECF No. 79 ("Pelton Decl.") ¶ 23; see Pelton Decl. Ex. 10.)

However, two employees listed—Felipe Jaramillo and Christopher Rudney—are managers, and thus exempt from the Class. (See Aff. of Christopher Rudney, ECF No. 85-2 ("Rudney Aff."), at *4; Christopher Rudney Deposition, ECF No. 85-3 ("Rudney Deposition") 5:18–19 ("I am the manager of Beacon Wine & Spirits."); Felipe Jaramillo Deposition, ECF No. 85-4, at 6:2–4 (Q: And are you currently the general manager of Mitchell's Wines? A: Yes.").) And two others—Carlos Ortega and Eduardo Maldonado—already settled a FLSA case with Defendants. (See Ortega v. Beacon Wine & Spirits, No. 15-cv-257, ECF No. 62 ("Prior Settlement").) Under that settlement, Ortega and Maldonado agreed to "release, and forever discharge and covenant not to sue any Defendant . . . with respect to any and all claims . . . which Plaintiffs now have, or any claim whatsoever which may hereafter arise or accrue on account of . . . their employment with any Defendant . . . ." (Prior Settlement ¶ 4.) That settlement was approved by a district judge. (Order, No. 15-cv-257, ECF No. 63.)

Finally, Defendants represent that three individuals were paid on an hourly basis, a claim Plaintiffs do not rebut. (See Rudney Deposition 41:20–23.) Plaintiffs make clear they seek a class of employees who were paid on a "salary basis." (Reply Memo of Law in Further Supp. of Plaintiffs' Mot. for Class Certification, ECF No. 87 ("Reply Memo"), at 6.) When subtracting the aforementioned individuals, the list shrinks to nineteen potential class members.

Second, Plaintiffs submit a list that they created and describe as a "non-exhaustive list of names of Beacon Wines employees contained in certain payroll records produced by Defendants." (Pelton Decl. ¶ 24; Pelton Decl. Ex. 11.) This exhibit raises more questions than it answers. It consists of a single column of forty-nine first names, untethered to any supporting detail, such as who they are, where they reside, when they worked for Defendants, their job

positions, and whether they would qualify as class members. See Shayler v. Midtown Investigations, Ltd., 2013 WL 772818, at *6 (S.D.N.Y. 2013) (finding a list of first names insufficient for the court's "rigorous analysis" in a numerosity determination).

Beacon Manager Christopher Rudney explains why many of these individuals would not qualify for Plaintiffs' proposed class. (Rudney Aff. ¶¶ 7–55.) He asserts that at least 22 individuals were part-time seasonal workers. (Rudney Aff. ¶¶ 9–10, 13, 16, 18, 20, 22–25, 27, 32–34, 40–41, 43, 45, 48–51, 55.) The proposed class consists of full-time, non-temporary employees. (Plaintiffs' Memo. at 1; Reply Memo at 6.) While Plaintiffs dispute Rudney's assertions, he also points out that six individuals worked for Defendants over eight years ago, making them ineligible. (Rudney Aff. ¶¶ 8, 17, 22, 28, 31, 44; see also Amended Compl. ¶ 26 (seeking a class starting July 21, 2010).) Rudney conceded that he was unfamiliar with four of the names on Plaintiffs' list, which suggests that this Court has no evidence showing they are appropriate class members. (Rudney Aff. ¶¶ 19, 35, 46, 54.) Finally, Plaintiffs' list also includes Carlos Ortega and Eduardo Maldonado, who waived their right to participate in this lawsuit.

This reduces Plaintiffs' proffered list to 15 individuals, or 19 if this Court counts the names that Rudney did not recognize. And nine of those individuals appear to overlap with names on Defendants' list.

Finally, Plaintiffs point to Christopher Rudney's deposition testimony that there could be "up to ten" employees not recorded on Defendants' list. (Rudney Deposition 42:9–21.) Although Defendants now claim those ten individuals were hourly employees, even that would not push Plaintiffs above the standard numerosity threshold. After carefully reviewing Plaintiffs' submission, this Court concludes that the potential class is somewhere between 19 and 29 class

members. Of course, even that may be wishful thinking given that only seven plaintiffs opted into the FLSA collective action.

Throughout their submission, Plaintiffs carefully couch their estimate of class members. (See Plaintiffs' Memo, at 13 ("[T]here are likely in excess of forty (40) individuals who would be included in the Class.") But "[a] party seeking class certification . . . must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351 (2011) (emphasis original). "[A]n estimate that is based on speculation is insufficient." Martin v. Shell Oil Co., 198 F.R.D. 580, 590 (D. Conn. 2000).

A class of fewer than forty members is not automatically excluded from class action certification. Classes between twenty-one and forty members reside in a "gray area" in which "courts must consider factors other than class size." Ansari, 179 F.R.D. at 114–15. These factors include "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993); see also Pa. Pub. Sch. Emp. Ret. Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111, 120 (2d Cir. 2014).

Here, it is doubtful that the class is geographically dispersed, as all potential class members worked for the same Manhattan liquor stores. See Shayler, 2013 WL 772818, at *7; Moore v. Trippe, 743 F. Supp. 201, 211 (S.D.N.Y. 1990) (denying class certification partially because all potential class members "live[d] in the Metropolitan New York area"). And Plaintiffs' counsel cites no evidence supporting the proposition that "the class members are largely low-wage immigrant workers" and "lack [] the financial resources to bring individual

6

actions." (Reply Memo, at 4.) See Sanchez, 320 F.R.D. at 375 (denying class certification for the same reason); see also Washington v. Chaboty, 2015 WL 1439348, at *11 n.13 (S.D.N.Y. Mar. 30, 2015) (statements in briefs are not evidence).

This case also does not contemplate injunctive relief that could affect future class members. See Ansari, 179 F.R.D at 116. Here, Plaintiffs seek a class of persons through entry of a judgment in this case. (Plaintiffs' Memo, at 1.) Accord Sandoval v. M1 Auto Collisions Ctrs., 309 F.R.D. 549, 562 (N.D. Cal. 2015) (weighing this against plaintiffs' motion for class certification). There is also no evidence that proposed members of the class have filed or threatened to file their own actions in the eighteen months this litigation has been pending. See Ansari, 179 F.R.D. at 115; see Plaintiffs' Memo, at 23.

Finally, Plaintiffs argue that class certification is warranted because many proposed class members still work for Defendants and may fear retaliation. See Duarte v. Tri-State Physical Med. & Rehab., P.C., 2012 WL 2847741, at *9 (S.D.N.Y. July 11, 2012). This factor weights in Plaintiffs' favor, but the fact that some current employees opted in and continue to be employed by Defendants cuts the other way.

In weighing the Robidoux factors, this Court finds that class certification is not warranted. Seven Plaintiffs have opted in. Indeed, one individual opted in on January 30, 2018. (ECF No. 89.) Discovery is ongoing. Plaintiffs fail to establish why proposed class members could not join this case. See Abu Dhabi Comm. Bank v. Morgan Stanley & Co., 269 F.R.D. 252, 258 (S.D.N.Y. 2010), aff'd sub nom. Pa. Pub. Sch. Emp. Ret. Sys., 772 F.3d at 120 (plaintiffs fail to show why class certification would better serve the interest of judicial economy than joinder); Abu Dhabi, 269 F.R.D. at 258 ("Plaintiffs already have at their fingertips information sufficient to identify a large majority of potential class members."); Deen v. New Sch. Univ.,

2008 WL 331366, at *3 (S.D.N.Y. Feb. 4, 2008) ("[J]oinder could equally serve the interests of judicial economy in many cases" and plaintiffs "provide[d] no evidence that joinder of the proposed class members into a consolidated action would be difficult to accomplish, or that this method of adjudication would be somehow less efficient than class certification. . . .").

## CONCLUSION

For the foregoing reasons, Plaintiffs fail to satisfy the numerosity requirement of Rule 23(a)(1). Accordingly, their motion for class certification is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 77.

Dated: February 26, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.