## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between Marcos Narciso Martinez ("Martinez"), Bernadino Sierra ("Sierra"), Jorge Tellez ("J. Tellez"), Sergio Tellez ("S. Tellez"), Antonio Morales ("Morales"), Marcial Galvez ("Galvez"), Hugo Maldonado ("Maldonado"), Jose Luis Delgado ("Delgado") and Marino Perez ("Perez" and, together with Martinez, Sierra, J. Tellez, S. Tellez, Morales, Galvez, Maldonado and Delgado, the "Plaintiffs"), Funsan K. Corp. d/b/a Beacon Wines & Spirits ("Beacon Wines"), C.Y. New Corp. d/b/a Mitchell's Wines & Liquor Store ("Mitchell's Wines"), Kyong Suk Yi, Chu Han Chung, and "John Doe" as personal representative of the estate of Chi Young Chung (together, "Defendants"). The Plaintiffs and Defendants are referred to collectively as the "Parties."

**WHEREAS**, Martinez commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 16-cv-5828 (WHP)(SN) (the "Action" or "Litigation"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and,

**WHEREAS**, Sierra, J. Tellez, S. Tellez, Morales, Galvez, Maldonado, Delgado and Perez filed opt-in consent forms pursuant to § 216(b) of the FLSA to join the Action,

**WHEREAS**, Marino Perez commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 18-cv-4479 (WHP) (the "Perez Action" and, together with the Action, the "Actions") or "Perez Litigation" and, together with the Litigation, the "Litigations"), alleging the same violations of the FLSA and NYLL as the Action;

**WHEREAS**, Defendants deny any and all differences, wrongdoing and/or allegations that may be contained in Plaintiffs' Actions, and by entering into this Settlement Agreement, there is no admission of liability by any of the defendants; and

**WHEREAS**, with the assistance of Magistrate Judge Sarah Netburn, the parties were able to reach an agreement to settle the Litigations on the terms and conditions set forth in this Agreement after two lengthy settlement conferences on October 27, 2017 and June 27, 2018; and

**WHEREAS**, the parties elected to resolve this matter pursuant to a collective settlement covering the Plaintiffs rather than bear the time and expense of trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Settlement.**

    (a)   In consideration for Plaintiffs' release of claims as provided in paragraph 2, Defendants agree to pay to Plaintiffs the total gross settlement amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) (the "Settlement Amount") pursuant to the allocation annexed hereto as **Exhibit A** to be delivered within thirty (30) days following approval of this Settlement Agreement by the Court in checks written separately to each individual Plaintiff and Pelton Graham for attorneys' fees and costs and all delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006.

(b) The amounts payable to Plaintiffs have been allocated to the individual Plaintiffs pursuant to the proportionate share of their damages to the settlement amount.

(c) The foregoing amount payable to each individual Plaintiff shall be divided into two portions as follows: one half (50%) of the amount to Plaintiffs shall constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings. An IRS form W-2 shall be issued to Plaintiffs for this amount. The remaining one-half (50%) of the amount to Plaintiffs shall constitute payment for alleged damages other than wages, such as for liquidated damages, wage notice and wage statement violations and interest and, therefore, shall not be subject to statutory payroll deductions/withholdings. Each Plaintiff shall provide a tax identification number before payment to that Plaintiff is is made. In the event that any one or more Plaintiff(s) does not provide a tax identification number, payment must still be made to all other Plaintiffs who have provided a tax identification number. In the event that a Plaintiff is unable to obtain a tax identification number, Defendants shall make the full payment to that Plaintiff via 1099 and shall apply the mandatory backup withholding for that Plaintiff in calculating and issuing payment to that Plaintiff. The Defendants shall pay the employer's portion of all payroll taxes. An IRS form 1099 shall be issued to Plaintiffs for the non-wage portion. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated to attorneys' fees and costs. The firm of Pelton Graham LLC shall provide the Defendants with a W-9 form before payments are made to Pelton Graham LLC. Payment must be made and delivered to Pelton Graham LLC thirty (30) days after court approval of the Settlement Agreement.

2. **Release.**

(a) In consideration for the Settlement Payment, which Plaintiffs acknowledge to be good and valuable consideration, Plaintiffs knowingly and voluntarily, irrevocably and unconditionally release and forever discharge Defendants, and any of their parents, subsidiaries, and related companies, and any of their past and present directors, managers, officers, shareholders, owners, partners, employees, agents, attorneys and servants, and each of their predecessors, successors and assigns, from any and all liability, actions, claims, damages, expenses or costs of whatever nature, known or unknown, suspected or unsuspected, including attorneys' fees and costs, which Plaintiffs have or may have, related to or arising out of all claims in the Action or relating to any and all federal, state, or local wage and hour law claims that were or could have been alleged in the Actions arising from any event or events that occurred prior to June 27, 2018 (collectively, the "Settled Claims"). This release includes, but is not limited to, claims under the New York Labor Law, including claims for unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours premiums, unpaid gratuities, liquidated damages, interest and attorneys' fees, for wage notice and wage statement violations, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked or payment of wages, including, but not limited to, the Fair Labor Standards Act. This release also includes claims for attorney's fees, litigation costs, incentive payments, expenses and administration costs associated with the settlement.

3. **Agreement to Refrain From Filing Wage and Hour Claims**

No litigation, arbitration, or other proceedings have been filed by or on behalf of any Plaintiff against any of the Defendants, and no litigation, arbitration or other proceeding is pending by or on behalf of Defendants against any Plaintiff or their counsel, except the federal Complaints

released herewith. Plaintiffs also agree that, so long as the Defendants make full payment as set forth in this Agreement, they will not bring any lawsuit or initiate any proceeding for any wage and hour claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

4. **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors, and after translation into Spanish or any other necessary language, if required, to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed knowingly, voluntarily and freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) The Parties have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms herein set forth, and any person executing this Agreement or receiving payment pursuant to the Settlement is the authorized agent for purposes of executing this Agreement or receiving such funds;

(d) The execution of this Agreement does not put any party hereto in violation of any agreements to which it or they are a party;

(e) Plaintiffs have been advised in writing of their right to consult an attorney or advisor of their choice prior to signing the Agreement;

(f) Plaintiffs have consulted with their attorney regarding the content and effect of this Agreement; and

(g) Plaintiffs were given a reasonable period of time within which to consider this Agreement before signing the Agreement.

5. **Voluntary Dismissal with Prejudice.**

(a) Plaintiffs hereby authorize and direct their attorney, upon their execution of this Agreement, to prepare, execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this action.

(b) Plaintiffs hereby authorize and direct their attorneys to dismiss the action with prejudice.

6. **Non-Admission.**

(a) This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability

3

of the current action for class or collective litigation other than for purposes of settlement. Defendants and all other Released Parties deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiffs' pleadings in the Actions and in any other proceeding, document or statement whatsoever by or on behalf of Plaintiffs. Plaintiffs and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

(b)     Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (i) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (ii) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage.

### 7. No Other Entitlement.

(a)     Plaintiffs affirm that they neither filed nor caused to be filed, and presently are not a party to any claim against Defendants in any forum, except the Actions identified herein, which Plaintiffs have agreed to dismiss finally and with prejudice;

(b)     As a result of this Settlement, Plaintiffs confirm that as a result of this agreement they will be paid in full for all hours worked as a consequence of this Settlement.

### 8. Mutual Non-Disparagement

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or would be reasonably interpreted as disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean - lessening the stature or standing of a party in that party's respective community, personal or business, in the eyes of an ordinary and reasonable person in such community. No party shall be precluded from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Actions or the Settlement, except to the extent that the Parties agreed to keep the contents of the mediation of the Actions confidential.

### 9. Applicable Law and Continuing Jurisdiction.

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

10. **Breach of Agreement.**

The judge presiding over the Actions in the United States District Court of the Southern District of New York, specifically Magistrate Judge Sarah Netburn, will retain jurisdiction over the Action to enforce the parties' Agreement. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be determined solely by the judges presiding over the Actions.

11. **Severability**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

12. **No Other Representations or Agreements.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

13. **No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

14. **Execution in Counterpart.**

This Agreement may be executed in counterpart by each party, and copies shall be deemed as effective as originals, and each executed Agreement, when taken together, shall constitute a complete Agreement.

15. **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Release now voluntarily, freely and knowingly execute this Agreement.

[Remainder of Page Intentionally Left Blank]

**FOR PLAINTIFFS:**

_____  Dated: 7-19-18
Marcos Narciso Martinez

_____  Dated: 7-20-18
Bernadino Sierra

JORGE TELLEZ
_____  Dated: 7-20-18
Jorge Tellez

_____  Dated: 7-23-18
Sergio Tellez

_____  Dated:_____
Antonio Morales

_____  Dated:_____
Hugo Maldonado

_____  Dated:_____
Jose Luis Delgado

_____  Dated: 7/23/18
Marcial Galvez

_____  Dated: 07/20/2018
Marino Perez

**FOR DEFENDANTS:**

Funsan K. Corp. d/b/a Beacon Wines

By:_____  Dated:_____

Its: _____

C.Y. New Corp. d/b/a Mitchell's Wines & Liquor

By:_____  Dated:_____

Its: _____

The Estate of Chi Young Chung

By:_____  Dated:_____

Its: _____

_____  Dated:_____
Kyong Suk Yi

**FOR PLAINTIFFS:**

_____          Dated:_____
Marcos Narciso Martinez


_____          Dated:_____
Bernadino Sierra


_____          Dated:_____
Jorge Tellez


_____          Dated:_____
Sergio Tellez


*[signature]*_____          Dated: 7-24-2018
Antonio Morales


_____          Dated:_____
Hugo Maldonado


_____          Dated:_____
Jose Luis Delgado


_____          Dated:_____
Marcial Galvez

6

**FOR PLAINTIFFS:**

_____          Dated:_____
Marcos Narciso Martinez


_____          Dated:_____
Bernadino Sierra


_____          Dated:_____
Jorge Tellez


_____          Dated:_____
Sergio Tellez


_____          Dated:_____
Antonio Morales


_____          Dated:_____
Hugo Maldonado


_____/s/_____          Dated: 25/07/2018
Jose Luis Delgado


_____          Dated:_____
Marcial Galvez

6

**FOR PLAINTIFFS:**

_____       Dated:_____
Marcos Narciso Martinez

_____       Dated:_____
Bernadino Sierra

_____       Dated:_____
Jorge Tellez

_____       Dated:_____
Sergio Tellez

_____       Dated:_____
Antonio Morales

_____/s/ Hugo Maldonado_____      Dated:___07-20-2018___
Hugo Maldonado

_____       Dated:_____
Jose Luis Delgado

_____       Dated:_____
Marcial Galvez

6

_____          Dated:_____
Marino Perez


**FOR DEFENDANTS:**

Funsan K. Corp. d/b/a Beacon Wines

By: _[signature]_____           Dated: 7/24/18
Its: _President_____

C.Y. New Corp. d/b/a Mitchell's Wines & Liquor

By: _[signature]_____           Dated: 7/24/18
Its: _President_____

The Estate of Chi Young Chung

By: _[signature]_____           Dated: 7/24/18
Its: _Administrator_____

_[signature]_____               Dated: 7/24/18
Kyong Suk Yi

# EXHIBIT A

| | |
|---|---:|
| Marcos N. Martinez | **$29,178.16** |
| Hugo Maldonado | **$11,993.68** |
| Jorge Tellez | **$33,969.36** |
| Antonio Morales | **$20,823.10** |
| Sergio Tellez | **$9,754.84** |
| Bernardino Sierra | **$25,309.37** |
| Jose Luis Delgado | **$18,970.46** |
| Marcial Galvez | **$5,388.31** |
| Marino Perez | **$9,447.58** |
| Attorneys' Fees and Costs | **$85,165.14** |
| **TOTAL** | **$250,000.00** |